J-S16017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: E.F., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: N.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 242 EDA 2023 |

Appeal from the Order Entered December 21, 2022
In the Court of Common Pleas of Philadelphia County
Juvenile Division at CP-51-DP-0001045-2020

BEFORE:  DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 9, 2023**

N.S. (Mother) appeals from the order changing the permanency goal for E.F. (Child) to adoption.[1]  We affirm.

Child was born in October 2012.  Child came to the attention of the Philadelphia Department of Human Services (DHS) on August 28, 2018, when DHS received a report that Mother had physically abused Child's one-year-old sibling.  At the time, Child was "in the care of the maternal grandmother (Grandmother)." *In re Interest of E.F.*, 284 A.3d 956 (Pa. Super. 2022) (unpublished memorandum at 2).

Mother regained custody of Child by June 2020.  However, in September 2020, DHS investigated "Mother's incidents with her other children and her

---

[1] In consolidated appeals at 243 & 244 EDA 2023, Child's father (who is also E.F.), has appealed the goal change and termination of his parental rights.

inability to care for" Child. N.T., 12/21/22, at 29. On October 2, 2020, DHS filed an "urgent dependency petition" regarding Child. *Interest of E.F.*, (unpublished memorandum at 3).

On January 6, 2021, the trial court adjudicated Child dependent, transferred legal custody to DHS, and placed Child in a confidential foster care location. *Id.* Between January 2021 and January 2022, Child was placed in 11 different foster homes. *Id.* at 4.

On January 19, 2022, DHS petitioned to terminate Mother's parental rights and change Child's permanency goal to adoption. The trial court held a termination hearing on October 13, 2022. By decree entered that day, the trial court terminated Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8) and (b). Mother appealed the termination decree, and this Court affirmed. *In re Interest of E.R.U.F.*, 2851 EDA 2022 (Pa. Super. May 25, 2023) (unpublished memorandum).

On December 21, 2022, the trial court held a goal change hearing, after which it entered the order changing Child's permanency goal to adoption. Mother timely appealed. Mother presents two questions for review:

I.  Whether the trial court abused its discretion when it changed the child's goal to adoption?

    (a) Was there clear and convincing evidence that changing the goal to adoption was in the child's best interest?

II. Was there clear and convincing evidence that reasonable efforts were made to reunify the family pursuant to 42 Pa.C.S.A. 6351(f)(9) prior to changing the goal to adoption?

Mother's Brief at VI.

Mother argues DHS "did not meet its burden to support the change of [Child]'s permanency goal to adoption." *Id.* at 2. DHS counters that because Mother's parental rights to Child were terminated, Mother "is a legal stranger to [C]hild and therefore lacks standing to challenge the change of [C]hild's goal to adoption." DHS Brief at 10. We agree.

We have concluded the trial court did not abuse its discretion in terminating Mother's parental rights. ***In re Interest of E.R.U.F.***, ***supra*** (affirming termination decree). Therefore, Mother's issue is moot. ***See In re Adoption of A.H.***, 247 A.3d 439, 446 (Pa. Super. 2021) ("[T]he effect of our decision to affirm the orphans' court's termination decree necessarily renders moot the dependency court's decision to change Child's goal to adoption.") (citing ***Interest of D.R.–W.***, 227 A.3d 905, 917 (Pa. Super. 2020) ("An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force of effect.") (citation omitted)).

Consistent with the foregoing, we affirm the order changing Child's permanency goal to adoption.

Order affirmed.

Judge McCaffery joins the memorandum.

Judge Dubow did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2023